UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY WELFARE FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER LOCAL 669 UA EDUCATION FUND, )
TRUSTEES OF THE NATIONAL AUTOMATIC )
SPRINKLER INDUSTRY PENSION FUND, )
TRUSTEES OF THE SPRINKLER INDUSTRY )
SUPPLEMENTAL PENSION FUND AND )
TRUSTEES OF THE INTERNATIONAL )
TRAINING FUND )
8000 Corporate Drive )
Landover, MD 20785, )
                                                          Plaintiffs, )

v. ) C.A. NO.
)
ALL-STATE FIRE PROTECTION, INC. )
107 Central Avenue )
Wiggins, CO 80654 )
)
Serve: Raymond S. Gibler, Registered Agent )
       107 Central Avenue )
       Wiggins, CO 80654 )
)
                                                   Defendant. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS
AND TO COMPEL AN AUDIT)

## JURISDICTION

1.     This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect

contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

**PARTIES**

2.  Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund and the International Training Fund (hereinafter "NASI Funds") are multiemployer employee benefit plans as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds ("hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Sprinkler Fitters Local Union No. 669 and the Defendant. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

3.  Defendant All-State Fire Protection, Inc. is a corporation existing under the laws of the State of Colorado with offices located in Colorado. Defendant transacts business in the State of Colorado as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

4. Defendant entered into a Collective Bargaining Agreement with Sprinkler Fitters Local Union No. 669 establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by the Defendant.

5. Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6. Defendant employed certain employees covered by the Collective Bargaining Agreement during the months of January 2015 through the present.

7. Defendant is bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

8. Pursuant to the Collective Bargaining Agreement, the Trust Agreements and the Guidelines, the Trustees of the NASI Funds have the authority to conduct an audit of the payroll and wage records of the Defendant for the purposes of determining the accuracy of contributions to the Funds.

9. The NASI Funds' have scheduled an audit of the Defendant's books and wage records for the period of January 1, 2015 through the date of the audit.

10. This audit has been scheduled to determine if any contributions are due by the Defendant to the NASI Funds for the period of January 1, 2015 through the date of the audit.

11. Pursuant to the above-mentioned Collective Bargaining Agreement, Trust Agreements and the Guidelines, Defendant is required to submit to the NASI Funds the records that were requested by the NASI Funds' auditor.

12. The Trust Agreements provide that an Employer that fails to pay contributions in a timely fashion shall be liable for liquidated damages, interest on the amounts owing and for

all expenses incurred in enforcing payment of the contributions due, including but not limited to reasonable attorneys' fees, accountant's fees, and court costs.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment against the Defendant as follows:

A. That this Court enforce the terms of the Plan and order Defendant to permit a complete audit of its wage and payroll records, as provided for in the Plan documents for the period of January 1, 2015 through the date of Judgment.

B. That Plaintiffs have Judgment against Defendant for the amount determined as owing by the audit requested in paragraph A, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

C. That Plaintiffs have Judgment against Defendant for all expenses, including accountant's fees, related to the audit and the attempted audit of its payroll and wage records, pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, the Trust Agreements and the Guidelines.

D. For such further relief as the Court may deem appropriate.

## COUNT II

13. Plaintiffs hereby adopt, incorporate, and restate in Count II paragraphs 4 through 12 of Count I.

14. Defendant has failed to pay complete contributions totaling $10,131.38 due to Plaintiff Funds for the months of July 2017 through May 2019. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

15. Defendant has failed to make contributions due to Plaintiff Funds for the months of July 2019 through September 2019. In addition, Defendant has failed to submit report forms for these months. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

16. Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer is two or more months delinquent in making the contributions required on behalf of his employees and has not submitted the required documents showing the employees who worked for him and hours worked, the Funds are authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . .

17. Using report forms submitted for the last three (3) months for which reports were submitted, the projected delinquency for the months of July through September 2019 is $31,408.30 calculated as follows:

| Month | Welfare Reported | Edu/ITF Reported | Pension Reported | SIS Reported |
|---|---|---|---|---|
| April 2019 | $5,261.01 | $219.86 | $2,517.45 | $1,997.58 |
| May 2019 | $5,698.76 | $230.16 | $2,584.40 | $1,997.58 |
| June 2019 | $5,930.65 | $230.50 | $2,528.65 | $2,211.70 |
| **Monthly Averages:** | $5,630.14 | $226.84 | $2,543.50 | $2,068.95 |

18. Defendant's contributions owed on behalf of its sprinkler fitter employees for the months of July 2017 through September 2019 as set forth in this Complaint are late.

19. The Trust Agreements and the Guidelines provide that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

    (1) If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

    (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

    (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

20. Pursuant to this provision, Defendant is obligated to Plaintiff Funds in the amount of $8,471.79 in liquidated damages assessed on the late contributions for the months of July 2017 through September 2019, plus interest at the rate provided in 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment as follows:

A. In the amount of $41,539.68 for contributions due for work performed in July 2017 through September 2019, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

B. In the amount of $8,471.79 for liquidated damages assessed on the late contributions for the months of July 2017 through September 2019, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

C. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

D. For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No. 05682

Attorneys for Plaintiffs

334830_1

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 30th day of October, 2019 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC 20224
Attention: Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTENTION: Assistant Solicitor for
       Plan Benefits Security

                                              /s/
                                   Charles W. Gilligan

334830_1