**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| | * |
| **TRUSTEES OF THE NATIONAL** | * |
| **AUTOMATIC SPRINKLER INDUSTRY** | |
| **WELFARE FUND, et al.** | * |
| | |
| **Plaintiff** | * |
| | |
| **v.** | * |
| | |
| **ALL-STATE FIRE PROTECTION, INC.** | * |
| | |
| **Defendants.** | * |

**Case No.: 8:19-cv-3160-PWG**

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

On October 30, 2019, Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund, and the International Training Fund ("NASI Funds" or "Plaintiffs") filed this action against Defendant All-State Fire Protection, Inc., seeking to recover contributions and liquidated damages due and unpaid by Defendant to the Plaintiff employee fringe benefit plans, plus interest, costs and attorneys' fees. *See* Compl., ECF No. 1; Mem. in Supp. of Pls.' Mot., ECF. No. 12-1 at 1. Defendant was served with a copy of the Summons and Complaint on January 11, 2020. Decl. of Service of Process, ECF No. 7. Defendant has neither entered its appearance nor filed a response in the time allotted to do so.

Pending before the Court is Plaintiffs' Motion for Default Judgment filed on August 11, 2020. Pls.' Mot., ECF No. 12. Again, Defendant failed to timely respond, and the Clerk entered

an order of default against Defendant on December 23, 2020. ECF No. 13. Having reviewed the motion, I find no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). Plaintiffs have shown Defendants' liability, established liquidated damages, and are awarded $41,539.68 for contributions owed, plus $8,471.79 in liquidated damages, $400.00 in costs, $1,436.75 in attorneys' fees, and $6,003.53 in interest, which is assessed at the rate of 12% per annum. Accordingly, Plaintiffs' Motion for Default Judgment is GRANTED and I award judgment in the amount of $57,851.75.

## Factual Background

The following facts are taken from the Complaint and accepted as true. Plaintiffs are multiemployer employee benefit plans as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Compl. ¶ 2; 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds ("Trust Agreements") and the Collective Bargaining Agreement ("CBA") between Sprinkler Fitters Local Union No. 669 and the Defendant. *Id.* ¶ 2. Defendant All-State Fire Protection, Inc. is a contractor or subcontractor in the sprinkler industry and all times was an "employer in an industry affecting commerce" as defined in the Labor-Management Relations Act;[1] ERISA;[2] and the Multi-Employer Pension Plan Amendments of 1980.[3] *Id.* ¶ 3.

Plaintiffs entered into a CBA with Sprinkler Fitters Local Union No. 669 establishing terms and conditions of employment by the Defendant. *Id.* ¶ 4. The CBA required Defendant to submit reports to and pay Plaintiffs certain contributions for each hour worked by Defendant's employees

---

[1]    29 U.S.C. §§ 142, 152
[2]    29 U.S.C. § 1002
[3]    29 U.S.C. § 1001(a)

covered by the CBA. *Id.* ¶¶ 5, 11. The CBA covered certain employees from January 2015 through the filing of the Complaint. *Id.* ¶ 6.

According to the Declaration of John P. Eger, Assistant Administrator of the Plaintiff Trust Funds ("Eger Declaration"), Defendant has failed to submit report forms and failed to pay contributions totaling $10,131.38 owed to Plaintiffs for the months of July 2017 through May 2019. *See id.* ¶ 14; Mem. in Supp. of Pls.' Mot, 1. In addition, Defendant has failed to submit report forms and failed to pay contributions for the months of July 2019 through September 2019 in the projected amount of $31,408.30. *Id* ¶¶ 15, 17. The amount owed for the months of July 2019 through September 2019 is based on a formula that uses reports submitted for the last three months (from April 2019 and June 2019) in which reports were submitted, pursuant to Article VI, Section 6 of Trust Agreements. *Id.* ¶¶ 15-17.

On February 3, 2020, Plaintiffs properly served Defendant. ECF No. 7. Defendant failed to respond to the Complaint or otherwise contest the claims. On August 11, 2020, NASI Funds moved for Entry of Default and Default Judgment against Defendant under Fed. R. Civ. P. 55(b). On December 23, 2020, the Clerk entered default pursuant to Fed. R. Civ. P. 55(a). ECF No. 13. The Court now grants Plaintiffs' Motion for Default Judgment.

## Standard of Review

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process when a party moves for default judgment. First, the rule provides that "when a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, "the plaintiff [then may] seek a default judgment." *Godlove v. Martinsburg Senior Towers, LP*, No. 14-CV-132, 2015 WL 746934, at *1 (N.D.W. Va. Feb. 20, 2015); *see* Fed. R. Civ. P. 55(b). "The Fourth Circuit has

a 'strong policy' that 'cases be decided on their merits.'" *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494–95 (D. Md. 2002)). However, "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.*

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (citing *Ryan*, 253 F.3d at 780–81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see also* Fed. R. Civ. P. 55(b).

**Discussion**

**A. Liability**

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for, *inter alia*, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action). ERISA "provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions."

*Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685–86 (D. Md. 2013) (quoting *Laborers Health & Welfare Tr. Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)). The United States Court of Appeals for the Fourth Circuit has held that "a multiemployer plan can enforce, as written, the contribution requirements found in the controlling documents." *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021 (4th Cir. 1997).

Taking the well-pleaded facts in NASI Funds' Complaint as true, Plaintiffs have established that Defendant was required to make employer contributions to the NASI Funds. Plaintiffs have also established that Defendant failed to make such contributions, in violation of 29 U.S.C. § 1145. *See* Compl. ¶¶ 14–17. Default judgment in the amount of unpaid contributions is appropriate.

NASI Funds also bring this action under Section 301 of the Labor Management Relations Act. Compl. ¶ 1. This section permits suits for violation of a CBA to be brought in any United States District Court having jurisdiction over the parties. 29 U.S.C. § 185(a); *see also Lewis v. Benedict Coal*, 361 U.S. 459, 470 (1960). Further, employee benefit trust funds and fund trustees have standing to sue as third-party beneficiaries of a CBA. 29 U.S.C. § 185(a); *see also Chi. Plastering Inst. Pension Trust Fund v. William A. Duguid Co.*, 761 F. Supp. 1345, 1347 n.2 (N.D. Ill. 1991).

Taking the well-pleaded facts of the Complaint as true, NASI Funds have established that Defendant was a party to the CBA and was required to contribute to the Funds per the CBA. Defendant failed to make such contributions in violation of 29 U.S.C. § 185(a). *See* Compl. ¶¶ 14-17. Defendant is thus liable for violating § 301 of the Labor Relations Act. Default judgment as to liability is thus GRANTED.

### B. Damages

As to damages, Plaintiffs by statute may collect (1) delinquent contributions, (2) liquidated damages assessed on the late contributions, (3) interest at the rate provided in 29 U.S.C. § 1132(g), (4) attorneys' fees and costs, and (5) other legal or equitable relief the Court deems appropriate. *See* 29 U.S.C. § 1132(g). In support of their damages request, Plaintiffs submit the relevant CBA and Trust Agreements (Pls.' Mot., Ex. C – Ex. J (ECF Nos. 12-5 – 12-12)); a declaration of Plaintiffs' Assistant Fund Administrator of the National Sprinkler Industry Welfare Fund, John P. Eger (Pls.' Mot., Ex. A (ECF No. 12-3)); and a separate accounting of the award amount (Pls.' Mot., Ex. M (ECF No. 12-15)). For attorneys' fees and costs, Plaintiffs submit an affidavit and time log from Charles W. Gilligan, Esq., the attorney representing Plaintiffs in this case. Pls.' Mot., Ex. K (ECF No. 12-13), Ex. L (ECF No. 12-14). Because this evidence is sufficient for me to ascertain allowable damages, and the requested amounts are consistent with the damages sought in the Complaint, the Court will award damages without a hearing. *See* Compl. 6.

### 1. Unpaid Contributions

Pursuant to the Eger Declaration, the reported late contributions for the months of July 2017 through May 2019 are $10,131.38. *Id.* ¶ 14; Pls.' Mot., Ex. A ¶ 11. Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer is two or more months delinquent in making the contributions required on behalf of his employees and has not submitted the required documents showing the employees who worked for him and hours worked, the Funds are authorized to project the delinquency amount using the following formula:

> The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last

three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

Compl. ¶ 16. Using report forms submitted for the last three months (April 2019 through June 2019) for which reports were submitted, the projected delinquency for the months of July through September 2019 is $31,408.30. *Id.* ¶ 17. Therefore, Defendant owes NASI Funds $41,539.68 in unpaid contributions for the months of July 2017 through September 2019. *Id.* ¶¶ 14-17; Pls.' Mot., Ex. A ¶¶ 11-14.

### 2. Liquidated Damages

The Trust Agreements provide that an employer's failure to pay timely contributions under the CBA triggers payment of liquidated damages as follows: (1) 10% penalty on payment not received by the 15th of the month; (2) an additional 5% on payment not received by the end of the month; and (3) an additional 5% on payment not received by the 15th of the month following the month in which payment was due. *See* Compl. ¶ 19; Pls.' Mot., Ex. A ¶ 16. The Court has reviewed the delinquent payment amounts and the penalties assessed as liquidated damages for the months of July 2017 through September 2019. *See* Compl. ¶¶ 19-20; Pls.' Mot., Ex. A ¶¶ 16-17. Based on this evidence, the Court awards $8,471.79 in liquidated damages.

### 3. Interest

Plaintiffs are also entitled to interest on unpaid contributions. Interest is "determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26." 29 U.S.C. § 1132(g). Pursuant to 29 U.S.C. § 1132(g)(2)(B) and the Trust Agreements, an annual interest rate of 12% on Defendants' unpaid contributions during the period of July 2017 through September 2019 is awarded in the amount of $6,003.53. Pls.' Mot. ¶ 3; 29 U.S.C. § 1132(g)(2)(B).

### 4. Attorneys' Fees and Costs

NASI Funds are also entitled to attorneys' fees and costs under the Trust Agreements. Pls.' Mot., Ex. D at 25, ECF No. 12-6 ("All reasonable expenses incurred by the Trust Fund to enforce the payment of amounts due, including, but not limited to, reasonable attorneys' fees, accountants' or auditors' fees, and court costs will be added to the amount owed by the delinquent Employer."). The Court considers the reasonableness of attorneys' fees under Appendix B to the Local Rules and the following factors: the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); Loc. R., App'x B.

NASI Funds are represented by Charles W. Gilligan, of the law firm of O'Donoghue & O'Donoghue LLP, who has been a member of the Bar of the United States District Court for the District of Maryland since 1986, and a partner at the firm since 1993. Pls.' Mot., Ex. K ¶ 1. Teresa Butler, his paralegal, has been employed as a paralegal at O'Donoghue & O'Donoghue LLP, since 1985. *Id.* ¶ 2. Prior to November 1, 2019 O'Donoghue & O'Donoghue LLP's negotiated fee with Plaintiffs for the performance of this type of legal representation was $310.00 per hour for attorney time and $122.00 per hour for paralegal time. *Id.* ¶ 5. As of November 1, 2019, Gilligan charged $325.00 per hour, and his paralegal, Teresa Butler, charged a rate of $145.00 per hour. *Id.* ¶ 6.

These rates fall within the presumptively reasonable ranges established by this Court's Local Rules. Loc. R., App'x B.3. The Plaintiffs' attorneys have spent a total of 9.75 hours to bring this action against the Defendant. Pls.' Mot., Ex. K ¶ 3; Pls.' Mot., Ex. L. The calculation (reasonable hourly rate multiplied by hours of work performed) supports the requested award of $1,436.75 in attorneys' fees. *See* Pls.' Mot., Ex. L. The record also supports Plaintiffs' request of $400.00 for the Complaint Filing Fee. *See id.*; Pls.' Mot., Ex. L. Therefore, the Court GRANTS Plaintiffs' request for $1,436.75 in attorneys' fees and $400.00 in costs.

## CONCLUSION

Plaintiffs' Motion for Default Judgment, ECF No. 12, is GRANTED. Judgment in the amount of $57,851.75 shall be entered against Defendant for unpaid contributions, liquidated damages, interest, and attorneys' fees and costs.

A separate Order will follow.

DATED this <u>12th </u>day of March, 2021.

BY THE COURT:

_____<u>/s/</u>_____
Paul W. Grimm
United States District Judge